UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD ALLEN,<br><br>    Petitioner,<br><br> v.<br><br>W.L. MONTGOMERY, Warden,<br><br>    Respondent. | Case No. 2:17-cv-09239-PSG-MAA<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, and the Report and Recommendation ("R&R") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the R&R to which objections have been made. For the reasons below, Petitioner's Objections are overruled.

  Petitioner objects under Ground One that his constitutional rights were violated because two state court judges denied Petitioner's requests to have his defense investigator inspect the crime scene, based on the judges' mistaken belief that they lacked authority to grant the requests ("Objections"). (Objs., ECF No. 59, at 9, 14–15.) But even assuming it were true that the judges improperly denied the requests because they misperceived their authority, this does not entitle Petitioner to

relief. *See Murray v. Schriro*, 882 F.3d 778, 809 (9th Cir. 2018) ("Merely showing that access to evidence was denied does not establish a constitutional violation." (citing *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982))). Contrary to Petitioner's suggestion that the error was structural, (Objs., at 15), a showing of prejudice was required, *see United States v. Dring*, 930 F.2d 687, 693 (9th Cir. 1991). Petitioner did not show prejudice because he did not plausibly argue in the state court why access to the crime scene was necessary, and because other sources of evidence were accessible to him (such as photographs and witnesses) about the particular features of the crime scene. (*See* R&R, ECF No. 55, at 19.)

Petitioner next objects under Ground Two that his constitutional rights were violated by the denial of his motion pursuant to *Pitchess v. Superior Court*, 11 Cal. 3d 531 (1974), for information from the personnel files of the police officers who helped investigate the crimes. (Objs., at 10, 15–16.) Habeas relief for this claim is unwarranted because Petitioner did not make, for each officer, "a preliminary showing that the file contains information material to his defense." *See Harrison v. Lockyer*, 316 F.3d 1063, 1066 (9th Cir. 2003).

Petitioner next objects under Ground Three that his right to present a defense was violated by the trial court's refusal to allow Petitioner use of a mannequin at trial to demonstrate that it would have been impossible for Petitioner to have attacked the victim in the manner the victim alleged. (Objs., at 11, 16–18.) The California Court of Appeal opined that such a demonstration was inadmissible because it "would most certainly be misleading and confusing for the jury." (R&R, at 25.) Although Petitioner disagrees that it would have been misleading, by arguing that "an appropriate mannequin comparable to [the victim's] height could have been selected," (Objs., at 18), Petitioner's argument is not subject to federal habeas review, *see Johnson v. Sublett*, 63 F.3d 926, 931 (9th Cir. 1995) ("[T]his argument presents state-law foundation and admissibility questions that raise no federal habeas issues." (citing *Estelle v. McGuire*, 502 U.S. 62, 68 (1991))). And

although Petitioner further argues that he was barred from "cross-examining [the victim] with a demonstrative aid simply because he was a pro/per litigant," (Objs., at 18), this argument is unsupported by the record. Nothing in the record suggests that Petitioner's status as a *pro per* defendant during trial was the reason why the demonstration with a mannequin was denied. Rather, the demonstration was denied because it would have turned the victim's cross-examiner, regardless of whether that cross-examiner was a *pro per* defendant or an attorney, into an unsworn witness. (R&R, at 24–25.)

Petitioner next objects under Ground Four that his state-created right to *pro per* library privileges was revoked in violation of due process. (Objs., at 11–12, 19–21.) He first argues that he "was not given proper notice" of the disciplinary proceeding that led to the revocation of his library privileges. (*Id.*, at 12, 19.) To the extent that Petitioner is arguing that he did not receive a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action," *see Wolff v. McDonnell*, 418 U.S. 539, 564 (1974), the record permits a strong inference that he did. Officer Hinton declared that he gave Petitioner a copy of the disciplinary decision. (R&R, at 37.). The declaration was consistent with subsequent events, specifically, Petitioner's objections to the decision. (*Id.*)

Petitioner also argues under Ground Four that he was improperly denied "the ability to present witnesses in his defense at the jail administrative hearing" that led to the revocation of his library privileges. (Objs., at 12, 19.) However, Petitioner's right to present witnesses was not absolute, and jail officials did not violate due process by accepting the witnesses' written statements in lieu of live testimony. (R&R, at 36.) Petitioner also argues under Ground Four that he should have received access to online legal research. (Objs., at 12, 19.) However, Petitioner never requested access to online legal research, and there was no right to such research, under either federal or state law. (R&R, at 38–39.)

///

Petitioner finally objects under Ground Five that the trial court abused its sentencing discretion under *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996), by declining to dismiss his prior strike convictions. (ECF No. 59 at 12, 22–23.) This claim is not cognizable on federal habeas review. *See Brown v. Mayle*, 283 F.3d 1019, 1040 (9th Cir. 2002) (*Romero* claim is not cognizable on federal habeas review), *judgment vacated on other grounds*, 538 U.S. 901 (2003). More broadly, Petitioner's argument does not state a claim. Petitioner is not arguing that the trial court misunderstood its sentencing discretion, refused to hear Petitioner's arguments, or otherwise conducted a procedurally flawed sentencing hearing. Petitioner is only arguing that the result of the sentencing hearing, *i.e.*, the actual sentence imposed, was wrong because his prior strike convictions should have been dismissed as remote in time. (Objs., at 22–23.) This argument does not raise a due process claim. *See McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991) (where a habeas petitioner had "a full and fair opportunity to have his case heard" and only challenges "the *substantive result*" or "the actual sentence itself," he does not raise "a cognizable constitutional claim on the facts alleged" (emphasis in original)).

IT IS THEREFORE ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: 10/8/2020

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

4